**UNITED STATES of America,
Appellee,**

v.

**Francis PORRINI, aka "Jay",
Defendant–Appellant.**

**Docket No. 01–1060.**

United States Court of Appeals,
Second Circuit.

May 14, 2002.

Patrick S. Bristol, Santos & Seeley, Hartford, CT, for Appellant.

Robert M. Spector, Ass't U.S. Att'y, D. Conn., New Haven, CT, for Appellee.

Present FEINBERG, KEARSE and B.D. PARKER, Jr., Circuit Judges.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the District of Connecticut, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order of said District Court be and it hereby is affirmed substantially for the reasons stated in Judge Thompson's Ruling on Defendant's Motion To Dismiss, dated January 18, 2001.

We agree with the district court's conclusion that the two conspiracies are not the same offense for the purposes of the Double Jeopardy Clause. *See United States v. Macchia,* 35 F.3d 662, 668 (2d Cir.1994). Furthermore, even if they were the same offense, the denial of community release would not qualify as a punishment that could invoke double jeopardy protection. "The Double Jeopardy Clause applies to judicial proceedings, not parole.... A denial of parole is a decision to withhold early release from the confinement component of a sentence. It is neither the imposition nor the increase of a sentence, and it is not punishment for purposes of the Double Jeopardy Clause ...." *Alessi v. Quinlan,* 711 F.2d 497, 501 (2d Cir.1983) (internal quotation marks omitted).

We have considered all of defendant's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.